UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHANNA MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:12-CV-00215-PPS |
| ALLEN COUNTY OFFICER JEFFERY ) | |
| REASONER, ALLEN COUNTY ) | |
| OFFICER THOMAS CASTLEMAN and ) | |
| JACOB MASON, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Shanna Mason initially brought claims against Defendants police officers Jeffery Reasoner and Thomas Castleman under the equal protection clause of the Fourteenth Amendment and 42 U.S.C. § 1983, as well as against Mason's ex-husband Jacob Mason for theft and conversion of personal property subject to damages under IC § 34-24-3. (Complaint at ¶¶ 13, 12.) The parties conducted discovery, Defendants Reasoner and Castleman filed a Motion for Summary Judgment (Docket Entry 32), then Plaintiff Mason and Defendants Reasoner and Castleman filed a joint stipulation dismissing with prejudice Defendants Reasoner and Castleman and the claims against them from the case. (DE 36.) I issued an Order pursuant to the stipulation, dismissing the police officer defendants and the claims against them. (DE 37.)

Therefore, the only defendant remaining in the case is Jacob Mason, and the only claims are those arising under state law for theft and conversion. Given that all federal claims in this case have been dismissed prior to trial, and both Masons remaining on either side of this case are residents of Indiana (Complaint at ¶¶ 1, 3), which rules out diversity jurisdiction, the principle of comity encourages me to relinquish supplemental jurisdiction over the remaining state law claims. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th

Cir. 2008); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."); 28 U.S.C. § 1367(c)(3). Plaintiff Mason will not be prejudiced by dismissal of her action from federal court because she may refile her case in state court as appropriate under Indiana's savings statute, Burns Ind. Code Ann. § 34-11-8-1, and the tolling provision of 28 U.S.C. § 1367(d). I therefore relinquish jurisdiction, and dismiss the claims against Jacob Mason without prejudice.

IT IS HEREBY ORDERED that Defendant Jacob Mason, and the claims against him, are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

ENTERED: January 10, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**